The opinion of the Court was delivered by
Inglis, J.
This is a motion by J. L. Breeden, late Sheriff of Marlborough District, to reverse an order of the Circuit Court of Common Pleas, at its recent sitting, requiring him, on pain of attachment, to apply to the satisfaction of an execution in favor of W. D. Wallace certain money made by him during his official term from the sale, under execution, of property of Thomas P. Graham, the defendant in execution. The sale was made on sale-day, in April, 1861. At that time there were in the Sheriff’s office sundry executions in cases against the defendant, Thomas P. Graham, of which this of Wallace was the oldest, and one in favor of J. W. Graham was next in order of entry. On the 1st April, 1861, P. W. Pledger, the plaintiff in one of the junior executions, served upon the Sheriff a written notice, requiring him not to apply any money arising from the sale of T. P. Graham’s property then under levy to the *326 two executions of Wallace and J. W. Graham, alleging that those cases had been already paid, and declaring a purpose to move at the next term of the Court that entry of satisfaction should be made upon the judgments; and on the 28th of September following, some ten or more days before the fall term of the Court, a written notice on Pledger’s behalf was served upon the attorney of Wallace that, at the then approaching term, a motion would be made to have satisfaction entered upon the judgments of W. D. Wallace vs. Thomas P. Graham. The Sheriff) in his answer, filed on the 13th of March, 1866, to the present rule, states that “ several of the execution creditors of T. P. Graham, immediately after his sale in April, 1861, notified him, each, that he claimed the money made thereby, and would hold the Sheriff responsible if the same was paid to any other than such claimant; and that these creditors did commence proceedings to contest before the Court their claims to said money.” The brief brought up here does not, however, furnish any evidence beyond this return of any such notice, except that from Pledger already mentioned; and it does not appear that any proceeding, more than that notice, in the Court where the several judgments had been' rendered or elsewhere, has ever been instituted or further prosecuted bjr the defendant in execution himself, .or by any junior creditor, with a view effectively to dispute the right of Wallace as the senior execution creditor to the money. At the hearing upon the return of this rule, Pledger and all others having an interest are silent. The Sheriff alone seems to have questioned the plaintiff’s right, and he has exercised some diligence in gathering evidence in the form of affidavits to induce a belief that the whole amount of Wallace’s judgment has been otherwise paid by the defendant therein. These affidavits, except one by the defendant in execution which seems to have been made in January, 1864, bear date in March, 1866. Although the regular sittings have been *327 greatly interrupted during this interval, it yet appears from the brief that the Court has been opened on several occasions. An opportunity has been offered, therefore, for bringing this contest, if any was seriously designed by junior execution creditors of T. P. Graham, to an issue.
The multiplied and stringent provisions of the statute law whereby the General Assembly has sought to enforce the duty of Sheriffs in the collection and payment of money under execution, seems to imply the prevalence of a persistent indifference, if not infidelity, to official obligation in this particular. Every consideration of public interest, of private right, of official duty, and of respect for its own authority, requires the Court to aid its efforts, by a uniform and resolute administration of these remedies, in suppressing the mischief. The strength of the law is in its prompt and vigorous execution. This alone gives practical value to its judgments. The interposition of obstacles to the effectiveness of such execution cannot be readily tolerated, and, least of all, when such interpositions seem to be prompted, if not originated, by the officer who is especially charged with the duty of making effectual the process of the Court issued for the purpose of execution.
The Act of 1839 (11 Stat. 30) provides : “ If any Sheriff shall fail to pay over money, when demanded, that has come into his hands, as Sheriff, to the party entitled thereto, and shall be unable, on return of the rule to be issued against him, to show sufficient cause, he shall be liable to be attached for a contempt, and may be ordered by the Court in which such suit has been brought to pay the debt and costs,” &c.
An attachment for contempt is not' paying over money, though in form a criminal process and resting upon the assumption of intentional wrong, “ is in effect a civil proceeding, by which suitors in Court are indemnified for losses sustained by neglect of official duty.” Daniel vs. Capers, 4 McC. 237; Ex parte Thurmond, 1 Bail. 608. If the Sheriff *328 shows, in his return to a rule, no sufficient cause, his disobedience of the positive orders of the Court, and the disrepute into which he brings its process through the result of negligence only, constitute in reality a contempt of the Court itself, as implying that it either cannot or will not vindicate its own authority. It is also a dereliction of public duty, which is in itself an offence meriting prompt and signal punishment. But, besides this, the suitor, who has tracked his debtor or a tort feasor, through all the delay necessarily incident to the administration of justice under the most favorable circumstances, until his right to payment or redress has been finally ascertained by the judgment of the Court, in fact and in measure, may justly expect of the Court a prompt and effectual execution of such judgment. Only the most cogent reasons can justify or excuse the Court in turning him round to a new pursuit through the slow progress of another action against the Sheriff. Regarded, therefore, as a merely civil process, the summary proceeding by attachment is a most wholesome means which the Court may well employ for the enforcement of the suitor’s rights. It is true that from matter arising subsequently to the recovery of judgment, or from matter that could not have been moved between the original parties to the judgment, but may entitle strangers to relief against its injurious effects upon their rights, or from the coxxdition of the title to property sold under execution, axxd possibly from other causes, a fair and honest conflict of claims to money made by the Sheriff may arise. And in such cases, if the determination of the dispute depends on facts which are complicated, or on the application of law which is doubtful, the Ooux’t may properly decline to adjust the controversy under the summary proceeding by rule. But to justify the Sheriff in withholding the money made by him under execution from the creditor whose lien is the oldest, and constitute for him “sufficient cause in answer to a rule,” it should appear that *329 there are parties seriously contesting the creditor’s right, and promptly and diligently prosecuting their contest by suitable proceeding before some proper tribunal. Every case heretofore decided in our Courts of last resort, and commonly relied upon by Sheriffs as excusing their failure to pay over money on the grounds of conflicting claims, will be found on examination to come within the terms of this rule. State vs. Sheriff of Charleston, 1 Mill. 145; Dawkins vs. Pearson, 2 Bail. 619; Thomas vs. Aitkin, Dud. 292; Thomas vs. Yates, 1 McM. 180; Cooper vs. Scott, 2 McM. 150; Cannady vs. Odom & Matheney, 2 Rich. 527; Brown vs. Furze, Ib. 530. But that a mere notice by a stranger to the judgment that he claims the money, and intends to maintain his claim by proper proceedings, not followed promptly by the institution and diligent prosecution of such proceedings, and especially that such a notice, succeeded by five years of inaction, is not a “sufficient cause” for the failure of the Sheriff to apply the money according to the priority of the liens as appearing in his office, is well established by the recent case of Hooks vs. Byrd, 10 Rich. 120.
The opinion of this Court being that the respondent, Breeden, is not excused, by any thing appearing in the brief, for not having paid to the plaintiff Wallace, the amount appearing- due on his execution, long since, and while the money received by him on the sale of the property of the defendant in execution was current and of specie value, it follows that he has no just claim to devolve upon Wallace any loss which has resulted from the depreciation of this money.
It is ordered that the motion be dismissed.
Dunkin, C. J., and Wardlaw, J., concurred.

Motion dismissed.